■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL A. WARREN, Appellant. [929 NYS2d 506]—

Defendant pleaded guilty to attempted criminal possession of a controlled substance in the first degree. He was sentenced, as a second felony offender, in accordance with the negotiated plea agreement to 10 years in prison followed by five years of post-release supervision, to run concurrently with an unrelated prison term. On appeal, this Court found the sentence to be illegal and, consequently, vacated the sentence and remitted the matter to County Court for resentencing (*People v Warren*, 74 AD3d 1639 [2010]). Thereafter, defendant withdrew his previous plea and entered a plea of guilty to criminal possession of a controlled substance in the third degree and was sentenced, as a second felony offender, in accordance with the plea agreement

to a prison term of 10 years to be followed by three years of postrelease supervision. Defendant appeals.

Initially, defendant's contention that County Court abused its discretion in not updating defendant's presentence investigation report prior to sentencing is unpreserved for our review inasmuch as defendant did not request an updated report or move to vacate resentencing (*see People v Cerone*, 75 AD3d 835, 836 [2010], *lv denied* 15 NY3d 850 [2010]; *People v Sander*, 47 AD3d 1012, 1013 [2008], *lv denied* 10 NY3d 844 [2008]). In any event, defense counsel specifically requested that the court proceed to sentencing without an updated presentence report, stating that nothing had changed from the time the court initially sentenced defendant on his prior plea—other than defendant's participation in certain programs that defense counsel placed on the record. Furthermore, upon our review of the record, we are unpersuaded by defendant's assertion that the sentence imposed is harsh and excessive or that extraordinary circumstances exist to warrant a reduction thereof (*see People v Dolison*, 23 AD3d 844, 845 [2005], *lv denied* 6 NY3d 812 [2006]).

Defendant's remaining contention has been considered and found to be without merit.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.