■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO DOE, Also Known as MAX, Appellant. [943 NYS2d 692]— McCarthy, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered July 12, 2010 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, conspiracy in the fourth degree, criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree.

As the result of an investigation into organized drug activity in Schenectady County, defendant was charged in an indictment with the crimes of conspiracy in the second degree, conspiracy in the fourth degree, criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree.* Defendant pleaded guilty as charged and was sentenced, as a second felony drug offender, to an aggregate prison term of 14 years, plus five years of post-release supervision. Defendant appeals.

We affirm. Defendant's contentions that his plea was not knowingly, voluntarily and intelligently entered and that he was denied the effective assistance of counsel are not preserved for our review, as the record before us indicates that he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Campbell*, 89 AD3d 1279, 1279 [2011]; *People v Gomez*, 72 AD3d 1337, 1338 [2010]). Further, with regard to the plea, the narrow exception to the preservation rule is inapplicable here, inasmuch as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise raised any doubt as to his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]). As to defendant's claim that the agreed-upon sentence was harsh and excessive, the record reveals no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (*see People v Warren*, 87 AD3d 1185, 1186 [2011]).

---

* The indictment named 23 other defendants and contained a total of 84 counts.

Lahtinen, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

