Rose, J.P.
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 4, 2011, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a controlled substance in the fourth degree. She pleaded guilty to this charge and waived her right to appeal. She was thereafter sentenced, in accordance with the plea agreement, to five years in prison followed by two years of postrelease supervision. Defendant now appeals.
Initially, upon reviewing the record, we find that defendant’s waiver of the right to appeal was invalid given that she was not advised that the waiver was separate and distinct from the other rights she was relinquishing by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Klages, 90 AD3d 1149, 1150 [2011], lv denied 18 NY3d 925 [2012]; People v Mosher, 79 AD3d 1272, 1273 [2010], lv denied 16 NY3d 834 [2011]). However, her contentions that her guilty plea was not knowing, voluntary or intelligent and that she was denied the effective *1266 assistance of counsel, which caused her to enter a defective guilty plea, have not been preserved for our review inasmuch as the record does not reveal that defendant made a motion to withdraw her plea or to vacate the judgment of conviction (see People v McGowan, 98 AD3d 1192, 1192 [2012]; People v Doe, 95 AD3d 1449, 1449 [2012], lv denied 19 NY3d 995 [2012]). The narrow exception to the preservation requirement is inapplicable insofar as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise cast doubt upon her guilt (see People v Doe, 95 AD3d at 1449; People v Burnett, 93 AD3d 993, 993 [2012]). Further, defendant’s contentions regarding her ineffective assistance of counsel claim concern matters largely outside the record that cannot be examined on direct appeal. Lastly, we are not persuaded by defendant’s contention that her sentence is harsh and excessive. She received the sentence agreed to under the terms of the plea agreement, and we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice.
Lahtinen, McCarthy and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.