Peters, P.J.
We affirm. Contrary to his argument, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal his conviction and sentence. The record reflects that County Court distinguished the right to appeal from the rights forfeited by the guilty plea and defendant acknowledged that he had discussed the waiver with counsel and understood its conse *999 quences (see People v Brown, 101 AD3d 1267, 1268 [2012], lv denied 21 NY3d 1014 [2013]; People v Shaver, 92 AD3d 978, 979 [2012], lv denied 18 NY3d 998 [2012]).
Defendant’s contention that his plea was not entered into voluntarily, which survives his appeal waiver, is not preserved for our review, inasmuch as the record indicates that he has failed to either move to withdraw his plea or vacate the judgment of conviction (see People v Revette, 102 AD3d 1065, 1065-1066 [2013]; People v Whitfield, 94 AD3d 1238, 1238 [2012]). Moreover, the narrow exception to the preservation requirement is inapplicable. Although defendant indicated during the plea allocution that he was intoxicated at the time of the crime, County Court satisfied its duty to inquire further by advising defendant that an issue regarding criminal intent may have been raised and confirming that defendant had discussed the intoxication defense with counsel and wanted to proceed by entering a guilty plea (see People v Mead, 64 AD3d 814, 815 [2009], lv denied 14 NY3d 890 [2010]; People v Moore 270 AD2d 715, 716 [2000], lv denied 95 NY2d 800 [2000]). Defendant’s contention that he was denied the effective assistance of counsel is also unpreserved for our review in light of his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Youngblood, 107 AD3d 1159, 1160 [2013], lv denied 21 NY3d 1078 [2013]; People v Williams, 101 AD3d 1174, 1174 [2012]). Finally, defendant’s claim that his sentence is harsh and excessive is precluded by his valid waiver of the right to appeal his conviction and sentence (see People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013]; People v Martinez, 106 AD3d 1379, 1380 [2013], lv denied 22 NY3d 957 [2013]).
Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.