■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEWIS, Appellant. [987 NYS2d 250]—

Peters, P.J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 6, 2011, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In full satisfaction of a 15-count indictment, defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal. He was sentenced, in accordance with the plea agreement, to three years in prison followed by two years of postrelease supervision. He appeals.

We reject defendant's contention that his waiver of the right to appeal was not knowing, voluntary and intelligent. County Court separately explained the right to appeal, distinguished that right from those forfeited by pleading guilty, and inquired as to whether defendant understood that he was waiving this particular right as part of the plea bargain. Defendant answered in the affirmative and confirmed his understanding of the consequences of the waiver. He also executed a detailed written waiver in open court acknowledging, among other things, that he had discussed the waiver with counsel and that he was knowingly and voluntarily waiving his right to appeal from all aspects of the conviction and sentence, including any preplea rulings. Accordingly, we conclude that defendant's appeal waiver was valid (*see People v Brown*, 115 AD3d 1115, 1115 [2014]; *People v Torres*, 110 AD3d 1119, 1119 [2013], *lv denied* 22 NY3d 1044 [2013]; *People v Marshall*, 108 AD3d 884, 884 [2013], *lv denied* 22 NY3d 957 [2013]), thereby precluding his challenge to County Court's denial of his suppression motion (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Morrison*, 106 AD3d 1201, 1202 [2013]; *People v Stone*, 105 AD3d 1094, 1094-1095 [2013]).

Defendant asserts that his guilty plea was not knowing, voluntary and intelligent and that he was denied the effective assistance of counsel, yet the record does not indicate that he made an appropriate postallocution motion. As such, these issues have not been preserved for our review (*see People v Trombley*, 115 AD3d 1114, 1114 [2014]; *People v Ladieu*, 105 AD3d 1265, 1265-1266 [2013], *lv denied* 21 NY3d 1017 [2013]; *People v Doe*, 95 AD3d 1449, 1449 [2012], *lv denied* 19 NY3d 995 [2012]). Further, with respect to the plea, the narrow exception to the preservation requirement was not triggered here inasmuch as defendant did not make any statements during the plea allocution that negated a material element of the crime or

otherwise raised any doubt as to his guilt (see id.). In any event, were we to consider these contentions, we would find them to be without merit.

Stein, Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.