## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 30, 2015           105545
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                          MEMORANDUM AND ORDER

MICHAEL ALMEIDA,
                    Appellant.
_____

Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Teresi, J.), rendered October 9, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

        Defendant waived indictment, pleaded guilty to a superior court information charging him with criminal contempt in the first degree and waived his right to appeal.  He was thereafter sentenced, as a second felony offender, to a prison term of 1½ to 3 years.  Defendant appeals.

        We affirm.  Initially, we reject defendant's contention that his waiver of the right to appeal was invalid.  Supreme

Court distinguished the waiver of the right to appeal from the rights automatically forfeited upon a guilty plea. Defendant further acknowledged that he understood the rights he was waiving and had an opportunity to discuss the waiver with counsel, and he executed a written waiver in open court. Accordingly, we find that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Smith, 123 AD3d 1375, 1375-1376 [2014]; People v Chavis, 117 AD3d 1193, 1193-1194 [2014]). In light of his valid appeal waiver, his assertion that his sentence is harsh and excessive is precluded (see People v Balbuena, 123 AD3d 1384, 1386 [2014]; People v White, 119 AD3d 1286, 1287 [2014], lv denied 24 NY3d 1222 [2015]).

Turning to defendant's claims that his guilty plea was not knowing, intelligent and voluntary and that he was denied the effective assistance of counsel, these issues are unpreserved for our review, inasmuch as the record does not indicate that he made an appropriate postallocution motion (see People v Lewis, 118 AD3d 1125, 1125 [2014], lv denied 24 NY3d 1003 [2014]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]). Moreover, with respect to the plea, defendant did not make any statements during the plea allocution that cast doubt upon his guilt or negated a material element of the crime so as to trigger the narrow exception to the preservation requirement (see People v Waite, 120 AD3d 1446, 1447 [2014]; People v Trombley, 115 AD3d 1114, 1114 [2014], lv denied 23 NY3d 1068 [2014]).

Peters, P.J., Lahtinen and Rose, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court