### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 28, 2016                     106636
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NAHCERE CLARK,
                        Appellant.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Aaron A. Louridas, Delmar, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Ceresia, J.),
rendered January 24, 2014 in Albany County, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree.

        Pursuant to a negotiated agreement, defendant pleaded
guilty to an indictment charging him with burglary in the second
degree and waived his right to appeal.  The charge stems from a
residential burglary, and the plea agreement also satisfied
pending charges against defendant related to four other
residential burglaries.  Under the terms of the agreement,
Supreme Court retained the discretion to sentence defendant to a
prison term of between six and eight years, with five years of
postrelease supervision, and advised defendant that it was making

no promises regarding youthful offender treatment. At sentencing, defendant's request for youthful offender status was denied and, upon consent of the parties, the court imposed a prison sentence of five years to be followed by five years of postrelease supervision. Defendant appeals.

We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. Supreme Court distinguished the right to appeal from the rights automatically forfeited by the plea, and defendant acknowledged that he understood and was voluntarily waiving this right (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). After reviewing it with counsel, defendant also signed a written waiver in open court that explained the waiver and indicated that counsel had explained it to him (see People v Bradshaw, 18 NY3d 257, 266-267 [2011]).

Defendant's further challenge to the voluntariness of his guilty plea survives his waiver of appeal, but was not preserved for our review by an appropriate postallocution motion (see People v Guyette, 121 AD3d 1430, 1431 [2014]; People v Dozier, 115 AD3d 1001, 1001 [2014], lvs denied 24 NY3d 1082, 1083 [2014]). Moreover, the narrow exception to the preservation requirement is inapplicable, as the record reflects that the court made adequate further inquiry when defendant hesitated to admit his guilt (see People v Lopez, 71 NY2d 662, 666 [1988]). He then admitted that he was guilty and that he had knowingly aided his accomplices in the burglary by acting as a lookout, and he made no statements during that plea allocution that were inconsistent with his guilt or that otherwise called into question the voluntariness of his plea (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Guyette, 121 AD3d at 1431).

Defendant's claim that his guilty plea was involuntary due to the ineffective assistance of counsel primarily concerns matters that are outside the record on appeal and are more properly pursued in a motion pursuant to CPL article 440 (see People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]). To the extent that these claims impact upon the voluntariness of his plea, they survive his appeal waiver but were not preserved by an appropriate postallocution motion (see

People v Smalls, 128 AD3d 1281, 1282 [2015]; People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied ___ NY3d ___ [Dec. 2, 2015]).  In any event, defendant received a favorable plea bargain and there is nothing in the record to support his claim of ineffective assistance (see People v Bean, 102 AD3d 1062, 1063 [2013]).

Defendant's challenge to the sentence as harsh and excessive is precluded by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Tyler, 130 AD3d 1383, 1385 [2015]).  Inasmuch as Supreme Court fully considered whether to grant defendant's request for youthful offender treatment (see CPL 720.10, 720.20; People v Rudolph, 21 NY3d 497, 499-501 [2013]), defendant's valid appeal waiver also precludes "his contention that [the c]ourt improperly denied him youthful offender treatment and his request that we exercise our interest of justice jurisdiction to grant him youthful offender status" (People v Wright, 123 AD3d 1241, 1241 [2014] [internal quotation marks and citations omitted]; see People v Fate, 117 AD3d 1327, 1329 [2014], lv denied 24 NY3d 1083 [2014]).

Peters, P.J., Garry and Rose, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court