Peters, P.J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 11, 2014, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
In satisfaction of the charges contained in two indictments, defendant entered a plea of guilty to manslaughter in the first degree, which included the waiver of the right to appeal. County Court thereafter sentenced him pursuant to the plea agreement to 21 years in prison to be followed by five years of postrelease supervision. Defendant now appeals.
Contrary to defendant’s contention, we find that he knowingly waived the right to appeal. County Court ascertained defendant’s understanding that the plea agreement included a waiver of the right to appeal and distinguished the right to appeal from those rights automatically forfeited by defendant’s guilty plea. County Court explained the appellate rights that could not be waived and defendant affirmed his understanding of the appeal waiver. Defendant also executed a written waiver in open court, which adequately described the nature of the right that he was waiving and included defendant’s acknowledgment that he had sufficient time to discuss the waiver with counsel. In our view, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Bradshaw, 18 NY3d 257, 266-267 [2011]; People v Ortiz, 127 AD3d 1416, 1416-1417 [2015], lv denied 26 NY3d 1010 [2015]). Defendant’s waiver precludes his challenge to the severity of his sentence (see People v Mayo, 130 AD3d 1099, 1100 [2015]; People v Almeida, 127 AD3d 1499, 1500 [2015], lv denied 26 NY3d 1006 [2015]). Defendant’s remaining arguments in his pro se submission are barred by his knowing, intelligent and voluntary guilty plea and his appeal waiver (see People v Frierson, 21 AD3d 1211, 1212 [2005], lv denied 6 NY3d 753 [2005]; People v Clow, 10 AD3d 803, 804 [2004]).
McCarthy, Rose and Lynch, JJ., concur.
Ordered that the judgment is affirmed.