*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    106530
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                          MEMORANDUM AND ORDER

CALVIN CONSTANTOPOULES, Also
    Known as CALVIN
    CONSTANTOPOULOS, Also
    Known as FORTY,
                        Appellant.
_____


Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                        _____


        Timothy S. Brennan, Schenectady for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered January 8, 2014, convicting
defendant upon his plea of guilty of the crime of attempted
criminal possession of a controlled substance in the third
degree.

        Defendant pleaded guilty to the reduced charge of attempted
criminal possession of a controlled substance in the third degree
in full satisfaction of a four-count indictment pursuant to a
plea agreement that included a waiver of the right to appeal.
Consistent with the agreement, County Court thereafter sentenced

defendant, as a second felony offender, to six years in prison to be followed by 2½ years of postrelease supervision. Defendant appeals.

We affirm. Initially, we reject defendant's challenge to the validity of his appeal waiver, as the plea colloquy and the written waiver executed in open court demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Crispell, 136 AD3d 1121, 1122 [2016]; People v Donah, 127 AD3d 1413, 1413 [2015]). Defendant's valid waiver of the right to appeal precludes his claim that his sentence is harsh and excessive (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]; People v Clapper, 133 AD3d 1037, 1038 [2015], lv denied 27 NY3d 995 [2016]).

Defendant's claims that his guilty plea was not knowingly, intelligently and voluntarily entered and that he was denied the effective assistance of counsel are unpreserved for our review, as the record does not indicate that he made an appropriate postallocution motion (see People v Almeida, 127 AD3d 1499, 1500 [2015], lv denied 26 NY3d 1006 [2015]; People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]). Regarding the plea, the narrow exception to the preservation rule is inapplicable, inasmuch as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise cast doubt upon his guilt (see People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]; People v Lewis, 118 AD3d 1125, 1125-1126 [2014], lv denied 24 NY3d 1003 [2014]).

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court