Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 6, 2016                    107112
_____

THE PEOPLE OF THE STATE OF
     NEW YORK,
                         Respondent,

          v                              MEMORANDUM AND ORDER

CRAIG E. RHODES,
                         Appellant.
_____

Calendar Date:   September 16, 2016

Before:  Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

                         _____


          Martin J. McGuinness, Saratoga Springs, for appellant.

          Chad W. Brown, Acting District Attorney, Johnstown
(Christopher M. Stanyon of counsel), for respondent.

                         _____


McCarthy, J.

          Appeal from a judgment of the County Court of Fulton County
(Giardino, J.), rendered September 8, 2014, convicting defendant
upon his pleas of guilty of the crimes of criminal sale of a
controlled substance in the third degree (two counts) and
criminal possession of a controlled substance in the third degree
(two counts).

          Defendant was charged in an indictment with two counts of
criminal sale of a controlled substance in the third degree and
two counts of criminal possession of a controlled substance in
the third degree.  He initially pleaded guilty to one count of
criminal sale of a controlled substance in full satisfaction of
the indictment, with the understanding that he would be
sentenced, as a second felony offender, to four years in prison,

to be followed three years of postrelease supervision.  The plea agreement also included the waiver of the right to appeal.  At the outset of the sentencing hearing, there was discussion regarding defendant's eligibility for a shock incarceration program.  Ultimately, defendant agreed to enter an additional plea of guilty to the remaining three counts of the indictment as well.  This agreement was made with the understanding that, as a result of both pleas, he would be sentenced, as a second felony offender, to four concurrent 4½-year prison terms, to be followed by three years of postrelease supervision, together with an order directing his enrollment in a shock incarceration program.  This additional agreement also included the waiver of the right to appeal.  County Court thereafter imposed the agreed-upon sentence, and defendant now appeals.

We affirm.  Contrary to defendant's contention, his waivers of the right to appeal were valid.  Based upon our review of the plea colloquies, County Court adequately distinguished the right to appeal from the rights automatically forfeited by a guilty plea, particularly in light of defendant's lengthy criminal history and his acknowledgment that he had previously executed an appeal waiver in regard to a previous guilty plea.  Further, the court ensured that defendant understood the ramifications of the waivers and defendant executed a counseled written waiver in open court (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Butler, 134 AD3d 1349, 1349-1350 [2015], lvs denied 27 NY3d 962, 963 [2016]).  Accordingly, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence.  In light of his valid waivers of the right to appeal, his contention that the sentence imposed was harsh and excessive is precluded (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]; People v Donah, 127 AD3d 1413, 1413 [2015]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court