*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                107376
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

JOWAAN McCALL, Also Known
    as J,
                        Appellant.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

        George J. Hoffman Jr., Albany, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered February 11, 2015 in Albany County, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        Defendant pleaded guilty to criminal sale of a controlled
substance in the third degree in full satisfaction of a three-
count indictment, and the plea agreement also included the waiver
of the right to appeal.  Supreme Court sentenced defendant, as a
second felony offender, to 5½ years in prison and three years of
postrelease supervision.  Defendant appeals.

We affirm.  Initially, we reject defendant's contention that his waiver of the right to appeal was invalid.  The record discloses that Supreme Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and defendant affirmed his understanding of the waiver.  Defendant also signed a written waiver after conferring with counsel regarding its contents.  Accordingly, defendant's waiver of the right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v Miller, 137 AD3d 1485, 1485 [2016]; People v Clark, 135 AD3d 1239, 1239-1240 [2016], lv denied 27 NY3d 995 [2016]).  Defendant's valid appeal waiver precludes his claim that his sentence is harsh and excessive (see People v Woods, 141 AD3d 954, 955 [2016], lv denied 28 NY3d 1076 [2016]; People v Mann, 140 AD3d 1532, 1533 [2016]).

Defendant also claims that his plea was not knowingly, intelligently and voluntarily entered because Supreme Court did not inform him of the sentencing range he would be exposed to if he rejected the plea offer and went to trial.  We cannot say that defendant, who has a lengthy criminal record, was unaware that he could be exposed to a prison sentence if he rejected the plea offer and was found guilty following a trial on this indictment.  In our view, defendant had ample opportunity to either raise this issue in an objection during these proceedings or in a motion to withdraw his plea and, therefore, he was required to preserve this claim (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; People v White, 142 AD3d 1254, 1255 [2016], lv denied ___ NY3d ___ [Dec. 30, 2016]).

Peters, P.J., Rose, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court