■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELISSA K. BARTLETT, Appellant. [49 NYS3d 313]—

Aarons, J. Appeal from a judgment of the County Court of

Essex County (Meyer, J.), rendered April 30, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2012, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and aggravated driving while intoxicated, and was sentenced to five years of probation. In 2014, defendant admitted to violating a condition of her probation and waived her right to appeal. County Court revoked defendant's probation and imposed a sentence of 1⅓ to 4 years in prison. Defendant appeals.

We are unpersuaded by defendant's contention that her waiver of the right to appeal at the time she admitted to violating probation is invalid, as the record reflects that the appeal waiver was knowingly, voluntarily and intelligently entered. Specifically, the record reflects that County Court adequately explained, and defendant understood, the nature of the appeal waiver and that it was separate and distinct from the rights forfeited by her admission to violating probation (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Brice*, 146 AD3d 1152, 1153 [2017]). As such, the valid appeal waiver precludes defendant's challenge to the severity of the sentence imposed (*see People v Handly*, 122 AD3d 1007, 1008 [2014]).

Peters, P.J., McCarthy, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.