Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 29, 2015, (1) convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, and (2) which revoked defendant’s probation and imposed a sentence of imprisonment.
In June 2014, defendant was sentenced to two concurrent terms of five years of probation, resulting from a 2011 conviction for criminal contempt in the first degree and a 2012 conviction for attempted burglary in the third degree, after he failed to successfully complete two one-year terms of interim probation. In November 2014, defendant was charged with violating his probation. While the resolution of this charge was pending, defendant was also charged with four counts of aggravated unlicensed operation of a motor vehicle in the first degree and two counts of driving while intoxicated. Pursuant to a plea agreement, defendant pleaded guilty to one count of unlicensed operation of a motor vehicle in the first degree and one count of driving while intoxicated and admitted to violating the conditions of his probation. He waived the right to appeal and County Court thereafter vacated defendant’s probation and imposed the agreed-upon aggregate prison sentence of 2 to 6 years. Defendant now appeals.
*1421 We affirm. Contrary to defendant’s contention, his waiver of the right to appeal was valid.* County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and defendant affirmed his understanding of the waiver. Although defendant argues that his waiver did not encompass a challenge to the severity of his sentence, the record reflects that he signed a written waiver in open court, after reviewing it with counsel and affirming his understanding thereof, in which he expressly waived the right to argue that the sentence is harsh and excessive. Accordingly, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]; People v Butler, 134 AD3d 1349, 1349-1350 [2015], lv denied 27 NY3d 963 [2016]), and his sole remaining claim, that his sentence is harsh and excessive, is precluded from our review (see People v Moulton, 134 AD3d 1251, 1252 [2015]; People v King, 20 AD3d 580, 581 [2005], lv denied 5 NY3d 829 [2005]).
McCarthy, J.P., Garry, Lynch, Clark and Mulvey, JJ., concur.
Ordered that the judgment is affirmed.

 To the extent that defendant also challenges the validity of appeal waivers from his convictions in 2011 and 2012, inasmuch as defendant did not appeal from those convictions, “any issues regarding defendant’s original convic-tionfs] are not properly before us” (People v Daniels, 106 AD3d 1189, 1189 [2013], lv denied 21 NY3d 1014 [2013]; see People v Pozzi, 117 AD3d 1325, 1325 [2014]).