■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN WALLACE, Also Known as SPAZ, Appellant. [52 NYS3d 684]—

McCarthy, J.P. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 19, 2014, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of attempted assault in the first degree and waived his right to appeal. He was sentenced, as a second felony offender, in accordance with the plea agreement

to an eight-year prison term, followed by five years of post-release supervision. Defendant now appeals.

Contrary to defendant's contention, a review of the record establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal. Defendant informed County Court that he was aware of the rights he was giving up by waiving his right to appeal and was doing so voluntarily, and he specifically acknowledged that he had previous experience executing appeal waivers. Furthermore, defendant affirmed that he had discussed with his attorney and voluntarily signed a written waiver, which clarified that it was separate from the rights forfeited by his guilty plea (*see People v Rhodes*, 143 AD3d 1011, 1011 [2016]; *People v Van Clief*, 122 AD3d 1062, 1062 [2014], *lv denied* 24 NY3d 1221 [2015]). Although defendant's valid appeal waiver does not preclude his challenge to the voluntariness of the plea, such claim is unpreserved because the record does not reflect that defendant made any appropriate postallucation motion (*see People v Constantopoules*, 141 AD3d 942, 943 [2016], *lv denied* 28 NY3d 1027 [2016]; *People v McCray*, 139 AD3d 1235, 1235-1236 [2016]). Finally, any challenge to the agreed-upon sentence as harsh and excessive is precluded by the valid appeal waiver (*see People v McCall*, 146 AD3d 1156, 1157 [2017]).

Egan Jr., Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.