■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DONER, Appellant. [56 NYS3d 921]—

Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered April 13, 2016, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and endangering the welfare of a child.

In satisfaction of an eight-count indictment, defendant entered an *Alford* plea of guilty to burglary in the second degree and endangering the welfare of a child, and waived his right to appeal. He was sentenced as a second felony offender in accordance with the plea agreement to a prison term of six years followed by five years of postrelease supervision for the burglary conviction and a concurrent jail term of one year on the conviction for endangering the welfare of a child. Defendant appeals.

We are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid. The record reflects that County Court distinguished the right to appeal as separate from the rights forfeited by the guilty plea. In addition, defendant executed a detailed appeal waiver in open court after conferring with counsel and acknowledged his understanding of the appeal waiver. As such, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v McCall*, 146 AD3d 1156, 1157 [2017], *lv denied* 29 NY3d 1034 [2017]; *People v Woods*, 141 AD3d 954, 955 [2016], *lv denied* 28 NY3d 1076 [2016]). Accordingly, the valid appeal waiver precludes defendant's challenge to the sentence as harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Oddy*, 144 AD3d 1322, 1323 [2016]).

Peters, P.J., McCarthy, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.