People v Bailey (2018 NY Slip Op 00360)





People v Bailey


2018 NY Slip Op 00360


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

108014

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILBUR C. BAILEY JR., Appellant.

Calendar Date: December 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Mark Diamond, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Franklin County (Main Jr., J.), rendered April 13, 2015, which resentenced defendant upon his conviction of burglary in the third degree, and (2) from a judgment of said court, rendered September 16, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
In July 2013, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with burglary in the third degree and criminal possession of a weapon in the fourth degree. Defendant thereafter pleaded guilty to burglary in the third degree in full satisfaction of the charged crimes and waived his right to appeal in exchange for a split sentence of six months in the local jail and five years of
probation. Less than five months later, defendant was charged with violating the terms and conditions of his probation by, among other things, testing positive for opiates. Defendant subsequently admitted violating the terms and conditions of his probation and waived his right to appeal — with the understanding that he would be restored to probation pending successful completion of an inpatient treatment program. After achieving a successful discharge from treatment, defendant was resentenced/restored to probation in April 2015.
In August 2015, defendant again was charged with violating the terms and conditions of his probation — this time by testing positive for suboxone and failing to truthfully respond to the Probation Department's inquiries relative thereto. A hearing was scheduled for September 2015, at which time defendant agreed to admit to certain violations with the understanding that County [*2]Court would revoke his probation and resentence him to no more than an indeterminate prison term of 2 to 6 years. Defendant also was required to waive his right to appeal (except as to constitutional issues and any violation of the court's sentencing commitment). Following defendant's admissions, County Court revoked defendant's probation and resentenced him to a prison term of 2 to 6 years [FN1]. These appeals by defendant ensued.
Contrary to defendant's assertion, we find that his waiver of the right to appeal — as placed on the record during the course of the September 2015 violation of probation proceeding — was knowing, intelligent and voluntary. County Court distinguished defendant's appellate rights from the other rights that defendant would be forfeiting by admitting that he violated the terms and conditions of his probation and made clear that defendant was "giving up [his] right to appeal anything other than constitutional issues . . . or any violation by the [c]ourt of its sentencing commitment" (see People v Fifield, 149 AD3d 1420, 1421 [2017]; People v Graves, 113 AD3d 998, 998-999 [2014], lv denied 23 NY3d 1037 [2014]). Defense counsel advised the court that he had discussed the waiver with defendant, and defendant, in turn, confirmed his understanding and acceptance of the waiver (see People v Bartlett, 148 AD3d 1468, 1469 [2017]; People v Graves, 113 AD3d at 998-999). Under these circumstances, we are satisfied that defendant's waiver of the right to appeal was valid (see People v Bartlett, 148 AD3d at 1469).
As for defendant's claim that the sentence imposed is harsh and excessive, inasmuch as the challenged waiver of the right to appeal arose in the context of defendant's admission that he violated the terms and conditions of his probation — as opposed to defendant's initial guilty plea — we find that defendant's valid appeal waiver precludes his challenge to the severity of the sentence imposed following the revocation of his probation (compare People v Giuliano, 151 AD3d 1958 [2017], lvs denied 30 NY3d 949 [2017], People v Klemko, 150 AD3d 1487 [2017], and People v Williams, 140 AD3d 1749 [2016], lv denied 28 NY3d 975 [2016], with People v Hare, 110 AD3d 1117 [2013], People v Ducheneaux, 97 AD3d 852 [2012], and People v Gertzberg, 94 AD3d 1293 [2012]). Defendant's attempt to circumvent the valid appeal waiver by asserting that the sentence imposed constitutes cruel and unusual punishment under the Eighth Amendment is unavailing, and his remaining arguments have been considered and found to be lacking in merit. Accordingly, the judgments are affirmed.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1: Defendant previously pleaded guilty to burglary in the third degree as charged in a separate superior court information and, ultimately, County Court revoked the sentence of probation imposed upon that conviction and resentenced defendant to a prison term of 2 to 6 years. The resulting judgments are the subject of a separate appeal (People v Bailey, ___ AD3d ___ [appeal No. 108015, decided herewith]), and County Court directed that the sentences imposed under the respective convictions be served consecutively.