People v LaSanta (2018 NY Slip Op 00865)





People v Lasanta


2018 NY Slip Op 00865


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

107906

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JESUS LaSANTA, Appellant.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Pritzker, JJ.


Barrett D. Mack, Albany, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered August 26, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In January 2015, defendant was arrested on a parole warrant at which time he was found to be in possession of heroin and drug-related paraphernalia. As a result, defendant was charged by felony complaint with criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree and criminal possession of a controlled substance in the seventh degree. After waiving indictment, defendant, in full satisfaction of the charges, pleaded guilty to a superior court information charging him with
criminal possession of a controlled substance in the fifth degree and executed a waiver of the right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a prior felony offender, to a prison term of four years to be followed by two years of postrelease supervision. Defendant now appeals.
We affirm. Initially, defendant's claim that his sentence is harsh and excessive is precluded by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Cuchelo, 155 AD3d 1189, 1190 [2017]; People v Hess, 150 AD3d 1560, 1560 [2017]).
While defendant's valid appeal waiver does not preclude his challenge to the voluntariness of his guilty plea, such claim is unpreserved because the record does not reflect that defendant made an appropriate postallocution motion (see People v Wallace, 150 AD3d 1551, 1552 [2017]; People [*2]v McCray, 139 AD3d 1235, 1235-1236 [2016]). Moreover, our review of the record reflects that defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Hopper, 153 AD3d 1045, 1046-1047 [2017], lv denied ___ NY3d ___ [Dec. 11, 2017]; People v Dejesus, 146 AD3d 1077, 1078 [2017]).
Garry, P.J., McCarthy, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.