People v Young (2018 NY Slip Op 01102)





People v Young


2018 NY Slip Op 01102


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRENDAN C. YOUNG, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered January 13, 2016, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.
Defendant pleaded guilty to strangulation in the second degree and waived the right to appeal. County Court thereafter sentenced him, as a second violent felony offender, to five years in prison to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's claim of ineffective assistance of counsel with respect to his plea and that his plea was not knowing, intelligent and voluntary survive his unchallenged
appeal waiver but are unpreserved for our review inasmuch as the record does not reflect that he made an appropriate postallocution motion (see People v Rayburn, 150 AD3d 1553, 1554 [2017]; People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]). Moreover, the narrow exception to the preservation rule is inapplicable. Although defendant made statements during the colloquy and in the course of the presentence investigation that refuted an element of the crime, County Court satisfied its duty to inquire further and ensured both during the colloquy and at sentencing that the elements of the crime were established and that defendant was pleading guilty knowingly, intelligently and voluntarily (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Graves, 113 AD3d 998, 999 [2014], lv denied 23 NY3d 1037 [2014]).
Garry, P.J., McCarthy, Egan Jr. and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.