People v Cayon (2018 NY Slip Op 01096)





People v Cayon


2018 NY Slip Op 01096


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

107926

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MANUEL CAYON, Appellant.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Joel E. Abelove, District Attorney, Troy (Katy M. Moryl of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered September 14, 2015, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a controlled substance in the third degree and criminal possession of a firearm.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with attempted criminal possession of a controlled substance in the third degree and criminal possession of a firearm. After obtaining an adjournment to consider the People's plea offer, defendant returned to County Court, waived his right to appeal — both orally and in writing — and pleaded guilty to the charged crimes. Consistent with the terms of the plea agreement, County
Court sentenced defendant to concurrent prison terms of four years on the drug charge and 1 to 3 years on the weapon charge, followed by a period of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal was knowing, intelligent and voluntary. A review of the plea colloquy reflects that County Court distinguished defendant's appellate rights from the trial-related rights that defendant was forfeiting by pleading guilty and defendant, in turn, assured the court that he had been afforded sufficient time to discuss the waiver of appeal with counsel and confirmed his understanding thereof (see People v Fifield, 149 AD3d 1420, 1421 [2017]; People v McCall, 146 AD3d 1156, 1157 [2017], lvs denied 29 NY3d 1033, 1034 [2017]). Defendant also executed a [*2]written waiver of the right to appeal — wherein he expressly waived his right to appeal his conviction and sentence — and, in response to questioning by County Court, defendant stated that he had reviewed the waiver with counsel and again indicated that he understood the appellate rights that he was relinquishing (see People v McCall, 146 AD3d at 1157; People v Guyette, 121 AD3d 1430, 1430 [2014], lv denied 27 NY3d 998 [2016]). Under these circumstances, we find that defendant's combined oral and written waiver of the right to appeal was valid (see People v Smith, 155 AD3d 1244, 1245 [2017]; People v Sullivan, 153 AD3d 1519, 1520 [2017], lv denied 30 NY3d 1064 [2017]). In light of defendant's valid waiver, his challenge to the severity of the sentence imposed is precluded (see People v Campbell, 155 AD3d 1250, 1251 [2017]; People v Tulip, 150 AD3d 1564, 1565-1566 [2017]).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.