People v Sisto (2018 NY Slip Op 03874)





People v Sisto


2018 NY Slip Op 03874


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

107992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TREVOR J. SISTO, Appellant.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (James E. Martineau Jr. of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered March 5, 2015, convicting defendant upon his plea of guilty of the crimes of assault in the first degree (three counts), attempted assault in the first degree, reckless driving (two counts) and reckless endangerment in the second degree and the violation of leaving the scene of an incident without reporting (two counts).
In satisfaction of a 60-count indictment, defendant pleaded guilty to attempted assault in the first degree and three counts of assault in the first degree, as well as various misdemeanors and traffic violations, and waived his right to appeal. He was sentenced, in accordance with the terms of the plea agreement, to an aggregate prison term of 35 years followed by a period of
postrelease supervision. Defendant appeals.
Defendant's challenges to the sufficiency and voluntariness of the plea are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Leach, 26 NY3d 1154, 1154 [2016]; People v Shillabeer, 154 AD3d 1017, 1018 [2017]; People v Adams, 153 AD3d 1449, 1450 [2017]; People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2017]). Further, a review of the plea colloquy fails to establish any basis to warrant the application of the narrow exception to the preservation requirement (see People v Louree, 8 NY3d 541, 545 [2007]; People v Wallace, 150 AD3d 1551, 1552 [2017]; People v Butler, 134 AD3d at 1350). To the extent that defendant challenges the severity of the agreed-upon sentence, it is precluded by the unchallenged waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v St. Mary, 157 AD3d 1168, 1169 [*2][2018], lv denied 31 NY3d 986 [2018]).
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.