People v Rosado (2019 NY Slip Op 05593)





People v Rosado


2019 NY Slip Op 05593


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

109201

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHINO ROSADO, Appellant.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Jeffrey L. Zimring, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered January 20, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.
In October 2016, defendant was charged by indictment with one count of criminal possession of a controlled substance in the fourth degree after a quantity of cocaine was discovered in his backpack. Other charges, including drug-related offenses, were also pending against defendant in connection with two other separate arrests. In satisfaction of the indictment and the other pending charges, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fourth degree, waived his right to appeal, and reserved his right to request youthful offender status. Prior to sentencing, defendant filed an affirmation in support of youthful offender adjudication. At sentencing, Supreme Court denied defendant's request for youthful offender status and sentenced him pursuant to the plea agreement to one year in jail. Defendant appeals.
Defendant's sole contention on appeal is that Supreme Court erred in denying him youthful offender status. Review of the record reveals that the court first determined defendant's eligibility for youthful offender treatment, and thereafter engaged in a lengthy and detailed discussion with counsel regarding the relevant factors guiding the discretionary determination (see generally People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]). Significantly, although the parties did not address this issue, the detailed plea colloquy demonstrates that defendant's oral and written appeal waiver was knowing, voluntary and intelligent (see People v McCall, 146 AD3d 1156, 1157 [2017], lvs denied 29 NY3d 1033, 1034 [2017]; People v Macon, 142 AD3d 739, 739 [2016], lvs denied 28 NY3d 1073, 1075 [2016]). As there was no "failure to consider youthful offender treatment," defendant's challenge is precluded by his valid waiver of the right to appeal (People v Pacherille, [*2]25 NY3d 1021, 1023 [2015] [emphasis omitted]; see CPL 720.10 [2]; 720.20 [1]; People v Rudolph, 21 NY3d 497, 499 [2013]).
Egan Jr., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.