People v Darling (2024 NY Slip Op 03783)

People v Darling

2024 NY Slip Op 03783

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

CR-22-1967
[*1]The People of the State of New York, Respondent,
v
Robert J. Darling, Appellant.

Calendar Date:June 14, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Salvatore A. Russo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered September 25, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
In January 2022, defendant pleaded guilty to driving while intoxicated and was sentenced to six months in jail and five years of probation. In August 2022, defendant was charged with violating his probation. In September 2022, defendant agreed to admit to a probation violation with the understanding that County Court would revoke his probation and resentence him to 2 to 6 years in prison. The terms of the agreement also required defendant to waive the right to appeal. Following defendant's admission, County Court revoked defendant's probation and resentenced him to a prison term of 2 to 6 years. Defendant appeals.
Contrary to defendant's contention, his waiver of the right to appeal — as set forth at the September 2022 proceeding — was knowing, intelligent and voluntary. The record reflects that County Court explained the nature of the waiver to defendant and that it was separate and distinct from the rights forfeited by his violation admission, and defendant affirmed his understanding thereof (see People v Stevens, 166 AD3d 1167, 1167-1168 [3d Dept 2018], lv denied 32 NY3d 1129 [2018]; People v Bartlett, 148 AD3d 1468, 1469 [3d Dept 2017]). County Court further advised defendant that certain appellate rights survive the appeal waiver regarding his violation admission and confirmed that defendant had discussed the waiver with counsel and that he understood and accepted it (see People v Stevens, 166 AD3d at 1167-1168; People v Bailey, 157 AD3d 1133, 1134 [3d Dept 2018], lv denied 31 NY3d 981 [2018]).Defendant also executed a written waiver that similarly explained that some appellate rights survive the waiver (see People v Defelice, 216 AD3d 1257, 1258 [3d Dept 2023], lv denied 40 NY3d 933 [2023]). Accordingly, defendant's appeal waiver was valid (see People v Stevens, 166 AD3d at 1168; People v Bailey, 157 AD3d at 1134), and, therefore, defendant was precluded from challenging the severity of his resentence (see People v Huntley, 177 AD3d 1034, 1035 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]; People v Bailey, 157 AD3d at 1134).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.