Stein, J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered May 22, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (five counts).
In September 2011, defendant was charged by indictment with five counts of burglary in the second degree in connection with his arrest for entering and taking money from the victim’s home on multiple occasions. He thereafter moved to disqualify the Columbia County District Attorney’s office based upon a perceived conflict of interest. County Court denied that motion and defendant subsequently pleaded guilty to the indictment *1248 and was sentenced to concurrent four year prison terms, to be followed by five years of postrelease supervision, and was required to pay restitution. Defendant appeals, and we affirm.
We reject defendant’s argument that County Court erred by denying his motion to disqualify the District Attorney’s office. To the extent that he seeks dismissal of the indictment on this ground,[1] his argument relates to “the kind of nonjurisdictional defect which defendant must be held to have waived by [a] guilty plea” (People v Allen, 236 AD2d 653, 654 [1997] [internal quotation marks and citation omitted]). In any event, we are unpersuaded that the District Attorney’s office should have been disqualified from prosecuting defendant due to the fact that a member of the grand jury that indicted defendant was subsequently hired by that office (compare People v Oakley, 104 AD3d 1059, 1059-1060 [2013]). At the time defendant was indicted, the grand juror in question was not an employee of the District Attorney’s office and there is no evidence of any bias or prejudice on the part of the grand juror or of any other basis for such grand juror’s disqualification, nor is there any evidence that his presence on the grand jury affected its integrity (cf. People v Revette, 48 AD3d 886, 888 [2008]). Defendant’s reliance upon Judiciary Law § 17 is misplaced (compare Matter of Czajka v Koweek, 100 AD3d 1136 [2012], lv denied 20 NY3d 857 [2013]), and we decline his invitation to impose a per se rule requiring disqualification of a District Attorney’s office in the circumstances here.
Defendant’s claim that his sentence was harsh and excessive is also unavailing. Our review of the record reveals no extraordinary circumstances or abuse of County Court’s discretion warranting modification of the sentence (see People v Butler, 111 AD3d 1024, 1025 [2013]; People v Iadicicco, 100 AD3d 1147, 1147 [2012]). In fact, County Court granted defendant’s application for a violent felony override and the sentence for each count of the indictment was only six months more than the allowable minimum sentence for each conviction (see Penal Law § 70.02 [3] [b]).[2] Thus, the sentence reflected an appropriate measure of leniency, presumably in consideration of defendant’s mitigating circumstances.
Lahtinen, J.P, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.

. Notably, defendant does not seek to withdraw his plea and it is unclear what relief he seeks with respect to this argument.

. In addition, the sentences were imposed concurrently.