*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106678
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                MEMORANDUM AND ORDER

STEVEN R. SHANNON,
                        Appellant.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

                        _____


        Hinman, Howard & Kattell, LLP, East Greenbush (Linda B. Johnson of counsel), for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.

                        _____


Aarons, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 13, 2014, convicting defendant upon his plea of guilty of the crime of identity theft in the second degree.

        In satisfaction of a four-count indictment, defendant pleaded guilty to identity theft in the second degree stemming from his fraudulent use of department store credit accounts to purchase multiple gift cards.  He was sentenced as a second felony offender in accordance with the terms of the plea agreement to a prison term of 1½ to 3 years and ordered to pay restitution in the amount of $2,310.  Defendant now appeals.

Defendant's challenge to the restitution imposed is not preserved for our review as there was no objection to the amount of restitution or a request for a restitution hearing at the time of sentencing (see People v Williams, 123 AD3d 1374, 1375 [2014], lv denied 25 NY3d 954 [2015]; People v Sparbanie, 110 AD3d 1119, 1120 [2013], lv denied 22 NY3d 1203 [2014]).  Moreover, there is sufficient evidence in the record to support County Court's imposition of the restitution amount requested (see Penal Law § 60.27 [2]; People v Sparbanie, 110 AD3d at 1120; People v Heier, 73 AD3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]).  To the extent that defendant contends that he was deprived of the effective assistance of counsel due to counsel's failure to request a restitution hearing, we find it to be without merit (see People v Faranda, 86 AD3d 862, 863 [2011], lv denied 17 NY3d 903 [2011]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court