*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    107500
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                    MEMORANDUM AND ORDER

NEAL D. SOMMERS,
                      Appellant.
_____


Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                      _____


        Thomas F. Garner, Middleburgh, for appellant.

        James E. Conboy, District Attorney, Fonda (Pamela A. Ladd
of counsel), for respondent.

                      _____


Lynch, J.

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered January 5, 2015, convicting
defendant upon his plea of guilty of the crime of rape in the
first degree.

        In satisfaction of a two-count indictment, defendant
pleaded guilty to rape in the first degree, and his plea included
the waiver of the right to appeal.  County Court thereafter
imposed the agreed-upon sentence of 12 years in prison to be
followed by 10 years of postrelease supervision.  Defendant
appeals.

        We affirm.  Contrary to defendant's contention, he validly
waived the right to appeal his conviction and sentence.  County

-2-                    107500

Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he understood and was voluntarily waiving his right (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rubio, 133 AD3d 1041, 1042 [2015]).  Defendant also signed a written waiver that explained the appeal waiver and indicated that counsel had discussed its ramifications with him (see People v Clark, 135 AD3d 1239, 1239-1240 [2016], lv denied 27 NY3d 995 [2016]; People v Fate, 117 AD3d 1327, 1328 [2014], lv denied 24 NY3d 1083 [2014]).  Defendant's valid appeal waiver precludes our review of his claim that his sentence is harsh and excessive (see People v Smith, 136 AD3d 1107, 1109 [2016], lv denied ___ NY3d ___ [May 13, 2016]; People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]).

Defendant also argues that his plea was not knowing, intelligent and voluntary because County Court failed to advise him of the trial-related rights forfeited by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]).  Inasmuch as defendant failed to make a postallocution motion to withdraw his plea, despite having several weeks to do so prior to his sentencing, this issue is not preserved for our review (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Walker, 135 AD3d 1244, 1245 [2016]).  Moreover, the record actually shows that defendant was fully advised of his trial-related rights during the allocution.

Lahtinen, J.P., Rose, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court