*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                106732
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

VINCENT GIAMMICHELE,
                    Appellant.
_____


Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____


        Brian M. Callahan, Schenectady, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered June 21, 2013, convicting defendant upon
his plea of guilty of the crime of criminal sale of a controlled
substance in the third degree.

        In full satisfaction of a 10-count indictment, defendant
pleaded guilty to one count of criminal sale of a controlled
substance in the third degree and waived his right to appeal.  In
exchange for his plea, defendant was promised a prison sentence
of seven years conditioned upon, among other things, not
committing any new offenses prior to sentencing.  Shortly before
sentencing, defendant was arrested and charged with unlawful
possession of marihuana and possession of contraband in prison in
the second degree.  Defendant then admitted at sentencing that he

had violated one of the conditions imposed by County Court at the time of his plea.  County Court accordingly sentenced defendant, a second felony offender, to a prison term of eight years to be followed by two years of postrelease supervision, and ordered him to pay $500 in restitution.  Defendant now appeals.

We affirm.  Defendant argues that his plea was invalid because County Court failed to sufficiently advise him that he would be giving up certain rights by pleading guilty (see People v Tyrell, 22 NY3d 359, 365 [2013]; see also Boykin v Alabama, 395 US 238, 243 [1969]; People v Vences, 125 AD3d 1050, 1051 [2015]).  While this challenge survives defendant's valid appeal waiver (see People v Klinger, 129 AD3d 1115, 1116 [2015]; People v Miner, 120 AD3d 1449, 1449 [2014]), it was not preserved for our review by an appropriate postallocution motion in the ample period between plea and sentencing (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sommers, 140 AD3d 1537, 1537 [2016], lv denied 28 NY3d 974 [2016]).  In any event, the plea colloquy leaves no doubt that defendant was aware of the rights he was giving up by pleading guilty and made a knowing, voluntary and intelligent decision to proceed (see People v Tyrell, 22 NY3d at 365; People v Sommers, 140 AD3d at 1538).

Defendant further contends that County Court erred in imposing an enhanced sentence because he was not advised of the possible maximum term of imprisonment that he could receive if he violated the terms and conditions of his plea.  This contention is also unpreserved for our review due to defendant's failure to either object to the enhanced sentence or make an appropriate postallocution motion, and the record gives us no reason to take corrective action in the interest of justice (see People v Tole, 119 AD3d 982, 984 [2014]; People v Overton, 105 AD3d 1072, 1072-1073 [2013]).

McCarthy, J.P., Lynch, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court