Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 8, 2016                    107227
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

PETER N. GOLGOSKI,
                        Appellant.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Salvatore C. Adamo, Albany, for appellant.

        Jason J. Kovacs, Special Prosecutor, Kingston, for
respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered June 20, 2014, convicting defendant upon
his plea of guilty of the crime of criminal sale of a controlled
substance in the third degree.

        In satisfaction of a six-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree and waived his right to appeal from the conviction
and sentence.  County Court imposed upon defendant, a second
felony offender, the agreed-upon sentence of six years in prison
to be followed by three years of postrelease supervision.
Defendant appeals, and we now affirm.

Defendant first contends that his plea was not knowing, intelligent and voluntary because County Court failed to advise him of the trial-related rights he was forfeiting by pleading guilty (see People v Tyrell, 22 NY3d 359, 361 [2013]).  Defendant did not advance this issue in an appropriate postallocution motion, despite having had sufficient opportunity to do so, and it is accordingly unpreserved for our review (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Forest, 141 AD3d 967, 968 [2016]).  The record, in any event, "shows that defendant was fully advised of his trial-related rights during the allocution" (People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]; see People v Walker, 135 AD3d 1244, 1245-1246 [2016]).

Defendant's further challenge to the validity of his appeal waiver is unavailing.  County Court explained the right to appeal to defendant and distinguished it from the rights he was giving up by pleading guilty, all of which defendant confirmed that he understood.  He then reviewed a detailed written waiver with counsel and signed it in open court.  Defendant's appeal waiver was therefore a knowing, intelligent and voluntary one (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Sommers, 140 AD3d at 1538).

Defendant's remaining claims are not properly before us.  The assertion that defendant received the ineffective assistance of counsel, to the extent that it survives his guilty plea and appeal waiver, is unpreserved given the lack of an appropriate postallocution motion (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Johnson, 54 AD3d 1133, 1134 [2008]).  By pleading guilty, defendant waived his contention that County Court erred in denying his motion to disqualify the special prosecutor (see People v Abdullah, 122 AD3d 958, 959 [2014], lv denied 24 NY3d 1218 [2015]; People v Gryner, 116 AD3d 1247, 1248 [2014]).  Lastly, defendant's protestation that the agreed-upon sentence was harsh and excessive is precluded by his valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Constantopoules, 141 AD3d 942, 943 [2016]).

-3-                    107227

Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




                ENTER:

                *Robert D Mayberger*

                Robert D. Mayberger
                Clerk of the Court