■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN L. BALL, Appellant. [55 NYS3d 915]—

Rose, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 15, 2012, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate, testified in a criminal case brought against another inmate that he, and not the inmate on trial, was the individual who had possessed certain improvised weapons at the correctional facility where they were housed. As a result of defendant's testimony, the other inmate was acquitted of the charges against him, and defendant was then charged by indictment with three counts of promoting prison contraband in the first degree. After the People provided defendant with notice that they intended to offer his prior testimony at trial, defendant moved to suppress that testimony. In a second motion, defendant sought to disqualify the Washington County District Attorney's office and requested that County Court appoint a special prosecutor. County Court denied defendant's second motion and, before a hearing was held on the first motion, defendant pleaded guilty to attempted promoting prison contraband in the first degree. He now appeals.

Defendant does not raise any argument regarding the validity of his guilty plea. Instead, defendant's argument focuses

solely on the undecided suppression motion and County Court's denial of his second motion. However, by pleading guilty before a suppression hearing was held, "defendant precluded the making of a record and, in consequence, foreclosed the possibility of appellate review" of all claims related to the pending suppression motion (*People v Fernandez*, 67 NY2d 686, 688 [1986]; *see People v Whitted*, 12 AD3d 840, 841 [2004], *lv denied* 4 NY3d 769 [2005]; *People v Whitehurst*, 291 AD2d 83, 87 [2002], *lv denied* 98 NY2d 642 [2002]). In addition, defendant's contention that County Court erred in denying his motion to disqualify the Washington County District Attorney's office and appoint a special prosecutor constitutes the type of nonjurisdictional claim "which defendant must be held to have waived by a guilty plea" (*People v Gryner*, 116 AD3d 1247, 1248 [2014] [internal quotation marks, brackets and citations omitted]; *see People v Golgoski*, 145 AD3d 1195, 1195-1196 [2016], *lv denied* 28 NY3d 1184 [2017]; *People v Abdullah*, 122 AD3d 958, 959 [2014], *lv denied* 24 NY3d 1218 [2015]; *People v Cooper*, 226 AD2d 1115, 1115-1116 [1996], *lv denied* 88 NY2d 982 [1996]).

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur. Ordered that the judgment is affirmed.