◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WRIGHT, Appellant. [60 NYS3d 860]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 11, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant pleaded guilty to the crime of burglary in the first degree in full satisfaction of a nine-count indictment and waived the right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon sentence of 17½ years in prison, to be followed by five years of postrelease supervision and ordered him to pay restitution in the amount of $625.45, plus a 10% surcharge. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea, and defendant affirmed his understanding of the ramifications of the waiver. Defendant thereafter executed a written waiver in open court after discussing the waiver with counsel. Accordingly, we find that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Caldwell, 148 AD3d 1468, 1468 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Defendant's valid appeal waiver precludes his claim that the sentence is harsh and excessive (see People v Bartlett, 148 AD3d 1471, 1472 [2017]; People v Golgoski, 145 AD3d 1195, 1196 [2016], lv denied 28 NY3d 1184 [2017]).

Defendant further contends that he did not voluntarily enter into the agreement because County Court did not advise him, prior to his plea, about a potential intoxication defense. While a challenge to the voluntariness of a plea must generally be preserved by an appropriate postallocution motion, preservation was not required here because "there [was] no practical opportunity to do so prior to sentencing" (People v Rebelo, 137 AD3d 1315, 1316 [2016], lv denied 28 NY3d 936 [2016], cert denied 580 US —, 137 S Ct 385 [2016]; see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). The record reflects, however, that defendant made no statements during the plea allocution that would have obligated County Court to inquire into a potential intoxication defense prior to accepting his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Maxson, 101 AD3d 1384, 1385-1386 [2012]). Although the pre-plea investigation report indicates that defendant stated to police investigators that he was under the influence of crack cocaine on the day of the crime, his responses during the plea colloquy established that he knowingly entered the victim's home with the intent to commit a crime and, while in the dwelling, he caused physical injuries to the victim (see Penal Law § 140.30 [2]). Accordingly, County Court properly accepted defendant's plea (see People v Jones, 73 AD3d 1386, 1387 [2010]; People v Wagoner, 30 AD3d 629, 629-630 [2006]). Finally, although defendant's challenge to the amount of restitution is not precluded by the valid appeal waiver (see People v Ortiz, 148 AD3d 1291, 1292 [2017]), it is nevertheless unpreserved for our review in light of his failure to request a hearing or object to the amount at sentencing (see People v Shannon, 139 AD3d 1250, 1250-1251 [2016], lv denied 28 NY3d 974 [2016]; People v Williams, 123 AD3d 1374, 1375 [2014], lv denied 25 NY3d 954 [2015]).

Egan Jr., J.P., Lynch and Mulvey, JJ., concur. Ordered that the judgment is affirmed.