People v Duvall (2018 NY Slip Op 00197)





People v Duvall


2018 NY Slip Op 00197


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

107969

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PHYLLIS DUVALL, Appellant.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Brian M. Callahan, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Murphy, J.), rendered September 21, 2015, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived her right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a five-year term of probation. Defendant now appeals.
We affirm. Defendant contends that her plea was not knowing, voluntary and intelligent because County Court failed to advise her that she would be giving up her constitutional privilege against self-incrimination by pleading guilty. While defendant's challenge to the voluntariness of her plea survives the unchallenged appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [2016], lv denied 28 NY3d 1184 [2017]), her claim is unpreserved for our review as there is no indication in the record that she made an appropriate postallocution motion in the ample time that she had to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Golgoski, 145 AD3d 1195, 1195 [2016], lv denied 28 NY3d 1184 [2017]). Moreover, the narrow exception to the preservation requirement is not applicable as defendant made no statements during the plea colloquy that cast doubt upon her guilt or otherwise called into question the voluntariness of her plea (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Johnson, 153 AD3d 1047, 1048 [2017]). We would, in any case, find that County Court adequately advised defendant of the [*2]trial-related rights that she was forfeiting by pleading guilty and that she expressed her understanding and waiver of those rights (see People v Bond, 146 AD3d at 1156; People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]).
McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.