People v Selim (2018 NY Slip Op 06299)





People v Selim


2018 NY Slip Op 06299


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

109056

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MOHAMMED SELIM, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 14, 2016, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, criminal mischief in the third degree and possession of burglar's tools.
Defendant was indicted and charged with burglary in the second degree, criminal mischief in the third degree and possession of burglar's tools. He thereafter pleaded guilty as charged and waived the right to appeal. County Court sentenced defendant, as a second felony offender, to an aggregate term of 5½ years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's contention, the record demonstrates that his waiver of the right to appeal was valid. Defendant was advised that an appeal waiver was a condition of the plea agreement. County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea, and defendant affirmed his understanding of the waiver. Additionally, defendant executed a written waiver in open court after discussing the waiver with counsel. Accordingly, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v White, 156 AD3d 1249, 1249-1250 [2017], lv denied 31 NY3d 988 [2018]; People v Rabine, 153 AD3d 1447, 1448 [2017], lv denied 30 NY3d 1108 [2018]). Given the valid waiver of the right to appeal, defendant's contention that his sentence is harsh and excessive is precluded (see People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]; People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]).
Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.