People v Small (2018 NY Slip Op 07796)





People v Small


2018 NY Slip Op 07796


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109162

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NAQUAN D. SMALL, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Del Atwell, East Hampton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 9, 2017, convicting defendant upon his plea of guilty of the crime of perjury in the first degree.
In August 2016, defendant was indicted and charged with one count of perjury in the first degree after he provided false testimony during his parole revocation hearing. Following his conviction of certain unrelated drug charges, which were the subject of a separate indictment, defendant agreed to plead guilty to perjury in the first degree without a sentencing commitment from County Court, except insofar as the court indicated that it would be inclined to impose concurrent terms of imprisonment. Defendant thereafter pleaded guilty to perjury in the first degree, and County Court sentenced defendant as a second felony offender to a prison term of 3 to 6 years — said sentence to run concurrently with the prison term imposed upon the drug convictions. Defendant now appeals.
Defendant's challenge to the voluntariness and/or factual sufficiency of his guilty plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Bailey, 158 AD3d 948, 948 [2018]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]). To the extent that defendant contends that County Court failed to apprise him of his Boykin rights and that such claim is not subject to the preservation rule, he is mistaken. The Court of Appeals has made clear "that the preservation requirement still applies to Boykin claims. Thus, a challenge to the validity of a plea, whether based on the court's failure to mention the Boykin rights or some other alleged defect in the allocution, must be preserved depending on the facts of [each] case" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Sommers, 140 AD3d 1537, 1538 [2016], lv denied 28 NY3d 974 [2016]).
Here, approximately three weeks elapsed between defendant's plea and sentencing. As defendant had an opportunity to move to withdraw his plea and failed to do so, his challenge to the adequacy of County Court's allocution is not preserved (see e.g. People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]; People v Evans, 159 AD3d 1226, 1227 [2018], lv denied 31 NY3d 1081 [2018]). "Additionally, defendant did not make any statements during his allocution that cast doubt upon his guilt or negated an element of the charged crime, and nothing on the face of the colloquy calls into question either the voluntariness of defendant's plea or his capacity to enter into it" (People v Lamb, 162 AD3d 1395, 1396 [2018] [citations omitted]). Hence, the narrow exception to the preservation requirement was not triggered (see id. at 1396). In any event, the record reflects that County Court indeed advised defendant of his Boykin rights, i.e., the privilege against self-incrimination, the right to a jury trial and the right to confront witnesses (see People v Tyrell, 22 NY3d 359, 365 [2013]), and that defendant, in turn, knowingly and voluntarily waived those rights (see People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]).
Finally, defendant's challenge to the procedures employed in adjudicating him a second felony offender is unpreserved as he failed to raise any objection in this regard at sentencing (see People v Williams, 155 AD3d 1253, 1255 [2017], lv denied 31 NY3d 1089 [2018]). In any event, defendant was provided with a predicate felony statement at the time of sentencing, whereupon he admitted the prior conviction and failed to contest the legality thereof (see id. at 1255). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.