People v Danielson (2019 NY Slip Op 02388)





People v Danielson


2019 NY Slip Op 02388


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

108633

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILLIAM H. DANIELSON, Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Paul J. Connolly, Delmar, for appellant, and appellant
pro se.
Michael D. Ferrarese, Acting District Attorney, Norwich (Lauren D. Konsul, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Chenango County (Revoir Jr., J.), rendered December 18, 2015, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In January 2014, defendant was charged in a five-count indictment with murder in the second degree (two counts), robbery in the first degree, assault in the first degree and assault in the second degree. The charges stemmed from an incident occurring in the early morning hours of December 27, 2013 in which defendant brutally beat the victim, causing mortal injuries from which she would succumb the next day. Following jury selection, defendant elected to forgo a trial and, instead, pleaded guilty to one count of murder in the second degree in satisfaction of the indictment and waived his right to appeal. Defendant was thereafter sentenced, in accordance with the terms of his plea agreement, to 20 years to life in prison. Defendant now appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary and intelligent. At the outset of the plea colloquy, defendant's counsel indicated that he had discussed the appeal waiver with defendant, including the fact that, notwithstanding the appeal waiver, defendant retained certain rights to appeal, such as challenging the voluntariness of his guilty plea. County Court thereafter distinguished defendant's right to appeal from the panoply of other trial-related rights that are automatically forfeited by entering a guilty plea (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Khan, 139 AD3d 1261, 1262 [2016], lvs denied 28 NY3d 932, 934 [2016]). In addition, at sentencing, defendant executed a written waiver of appeal, indicating that he had read same and discussed it with counsel prior to signing it. Accordingly, although County Court may not have specifically used the language "separate and distinct" during its plea colloquy, we note that there is no "particular litany or catechism" that a court must use during its allocution (People v Bradshaw, 18 NY3d 257, 264-265 [2011] [internal [*2]quotation marks and citation omitted]; see People v Walker, 166 AD3d 1393, 1393-1394 [2018]). Upon review, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sanders, 25 NY3d at 339—341).
Given defendant's valid appeal waiver, he is precluded from challenging County Court's adverse ruling on his pretrial suppression motion (see People v Sanders, 25 NY3d at 342; People v Daniels, 167 AD3d 1088, 1089 [2018]; People v Saunders, 162 AD3d 1217, 1218 [2018], lv denied 32 NY3d 1128 [2018]), as well as his claim of judicial bias (see People v Debberman, 113 AD3d 929, 929 [2014]; People v White, 81 AD3d 1039, 1039 [2014]) and his various challenges to the sentence and sentencing proceedings (see People v Daniels, 167 AD3d at 1089; People v Williams, 163 AD3d 1172, 1173 [2018], lv denied 32 NY3d 1009 [2018]; People v Collier, 71 AD3d 909, 910 [2010], lv denied 15 NY3d 773 [2010]; People v Schweppe, 250 AD2d 881, 881 [1998], lv denied 92 NY2d 905 [1998]). Defendant's challenge to the legal sufficiency of the evidence before the grand jury is precluded by his guilty plea (see People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]), as is his claim that the court erred in denying his motion to disqualify the District Attorney's office from prosecuting his case (see People v Ball, 152 AD3d 973, 974 [2017], lv denied 30 NY3d 978 [2017]). Although defendant's further contention that the grand jury proceedings were jurisdictionally defective survives his appeal waiver and guilty plea, we have reviewed the provided grand jury minutes and find said contention to be without merit (see People v Busreth, 167 AD3d 1089, 1090 [2018]; People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017]).
With regard to defendant's ineffective assistance of counsel claim, initially we find that his challenge to defense counsel's motion practice was forfeited upon the entry of his guilty plea (see People v Gorman, 165 AD3d 1349, 1350 [2018], lv denied 32 NY3d 1125 [2018]; People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]). To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, although such claim survives the appeal waiver, "it is unpreserved for our review in the absence of a[n appropriate] postallocution motion" (People v Walker, 166 AD3d at 1393). Moreover, even assuming that certain postplea statements made by defendant implicated the voluntariness of his plea, thereby triggering the narrow exception to the preservation rule (see People v Brassard, 166 AD3d 1312, 1313 [2018]), the record establishes that County Court satisfied any duty that it had to make further inquiry. Defendant's remaining contentions in this regard involve matters outside of the record on appeal and, therefore, are more appropriately raised in a CPL article 440 motion (see People v Gorman, 165 AD3d at 1350; People v Williams, 163 AD3d at 1173). To the extent not specifically addressed, defendant's remaining claims have been reviewed and found to lack merit.
Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.