People v Murray (2021 NY Slip Op 04929)





People v Murray


2021 NY Slip Op 04929


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

110573
[*1]The People of the State of New York, Respondent,
v
Oshapha Murray, Appellant.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 13, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was charged in a superseding indictment with attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. After twice rejecting other plea offers, and prior to the commencement of certain scheduled suppression hearings, defendant waived his right to appeal and pleaded guilty — in full satisfaction of the superseding indictment — to one count of criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of 10 years followed by five years of postrelease supervision. County Court thereafter sentenced defendant as a second felony offender to the contemplated term of imprisonment, and this appeal ensued.
We affirm. Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, this argument is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Crossley, 191 AD3d 1046, 1047 [2021]; People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]). The narrow exception to the preservation requirement does not apply, as defendant did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Defendant's ineffective assistance of counsel claim — insofar as it is premised upon counsel's failure to proceed with the scheduled suppression hearings — does not impact upon the voluntariness of defendant's plea and, therefore, is precluded by his unchallenged appeal waiver (see People v Buckler, 80 AD3d 889, 890 [2011], lv denied 17 NY3d 804 [2011]; People v Whitehead, 73 AD3d 1340, 1341 [2010], lv denied 15 NY3d 779 [2010]; People v Leigh, 71 AD3d 1288, 1288 [2010], lv denied 15 NY3d 775 [2010]). To the extent that such claim may be said to have "a bearing upon the voluntariness of defendant's plea," it survives the appeal waiver but nonetheless is unpreserved for our review (People v White, 122 AD3d 1005, 1006 [2014]; see People v Chaney, 160 AD3d 1281, 1285 [2018], lv denied 31 NY3d 1146 [2018]). In any event, "by pleading guilty before [the] suppression hearing[s were] held, 'defendant precluded the making of a record and, in consequence, foreclosed the possibility of appellate review' of all claims related to the pending suppression motion[s]" (People v Ball, 152 AD3d 973, [*2]974 [2017], lv denied 30 NY3d 978 [2017], quoting People v Fernandez, 67 NY2d 686, 688 [1986]; see People v Cochran, 112 AD3d 997, 998 [2013], lv denied 23 NY3d 961 [2014]; People v Whitted, 12 AD3d 840, 841 [2004], lv denied 4 NY3d 769 [2005]). Accordingly, the merits of defendant's various suppression arguments are not properly before us.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.