People v Parkinson (2021 NY Slip Op 06576)





People v Parkinson


2021 NY Slip Op 06576


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

112499
[*1]The People of the State of New York, Respondent,
v
Jahnell Parkinson, Also Known as Main, Appellant.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered February 13, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Following two sales of cocaine to a confidential informant, defendant was charged in a nine-count indictment with various offenses related to his sale and possession of drugs and his tampering with physical evidence. Defendant pleaded not guilty to the charges and, after the conclusion of pretrial motion practice and hearings, the matter proceeded to trial. In the midst of that trial, defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of the indictment and waived his right to appeal. Under the terms of the plea agreement, Supreme Court committed to sentencing defendant to no more than two years in prison to be followed by two years of postrelease supervision. At sentencing, Supreme Court clarified the scope of defendant's appeal waiver, and he confirmed that he had discussed the issue with counsel, understood his right to appeal and was voluntarily waiving it. Supreme Court thereafter sentenced him to two years in prison to be followed by two years of postrelease supervision. Defendant appeals, and we affirm.[FN1]
Defendant's argument that his guilty plea was not knowing, intelligent and voluntary survives his unchallenged appeal waiver, but is unpreserved given that the record is devoid of any indication that he made an appropriate postallocution motion despite having had ample time in which do so (see People v McCoy, 198 AD3d 1021, ___, 152 NYS3d 635, 636 [2021]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). The narrow exception to the preservation requirement does not apply, as defendant said nothing during the plea colloquy that was inconsistent with his guilt, negated an essential element of the charged crime or otherwise called the voluntariness of his plea into question (see People v McCoy, 152 NYS3d at 636; People v Murray, 197 AD3d 1355, 1356 [2021]). To the extent that defendant's ineffective assistance of counsel claim implicates the voluntariness of his plea and thereby survives his appeal waiver, it is unpreserved for the same reason (see People v McCoy, 152 NYS3d at 636; People v Guerrero, 194 AD3d 1258, 1261 [2021], lv denied 37 NY3d 992 [2021]).
Defendant's remaining contentions, even accepting that they survive his appeal waiver, are without merit. By pleading guilty in the midst of trial, he forfeited his claim that the People violated their Rosario obligation by failing to turn over certain text messages between law enforcement officials (see People v Hansen, 95 NY2d 227, 230-233 [2000]; People v Miller, 162 AD3d 1231, 1234 [2018], lv denied 32 NY3d 939 [2018]; People v West, 184 AD2d 743, 744 [1992], lv denied 81 NY2d 767 [1992]). Finally, his guilty plea also foreclosed "his right to challenge on appeal [*2]any alleged trial errors," including what he contends was the erroneous admission of certain video footage into evidence (People v Green, 75 NY2d 902, 904-905 [1990], cert denied 498 US 860 [1990]; see People v Campbell, 73 NY2d 481, 486 [1989]; People v Mercer, 81 AD3d 1159, 1160 [2011], lv denied 19 NY3d 999 [2012]).
Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).



Footnotes

Footnote 1: Upon defendant's motion, this Court stayed execution of the judgment of conviction pending appeal and fixed bail (see CPL 460.50 [1]).