People v Baldwin (2022 NY Slip Op 03280)





People v Baldwin


2022 NY Slip Op 03280


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

111087
[*1]The People of the State of New York, Respondent,
v
Jebb W. Baldwin, Appellant.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Robert C. Kilmer, Binghamton, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.



McShan, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered October 29, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant was indicted and charged with one count of criminal possession of a controlled substance in the fourth degree. After initially rejecting a plea offer, defendant agreed to plead guilty to the indictment with the understanding that sentencing would be left to the discretion of County Court. County Court apprised defendant of the maximum potential term of imprisonment, and defendant thereafter pleaded guilty to the charged crime. Defendant subsequently was sentenced as a second felony offender to a prison term of four years, followed by three years of postrelease supervision. This appeal ensued.
Defendant's challenge to the voluntariness of his plea is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v Wood, 203 AD3d 1406, 1406 [2022]; People v Jackson, 203 AD3d 1388, 1389 [2022]; People v Dickerson, 198 AD3d 1190, 1192-1193 [2021]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered, as "defendant did not make any statements during the plea colloquy that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Murray, 197 AD3d 1355, 1356 [2021], lv denied 38 NY3d 929 [2022]; see People v Parkinson, 199 AD3d 1243, 1243-1244 [2021], lvs denied 37 NY3d 1162, 1163 [2022]). To the extent that defendant contends that counsel's comments during the plea colloquy effectively deprived defendant of his right to a jury trial or otherwise amounted to coercion, we note that this assertion is belied by the sworn plea colloquy, wherein defendant acknowledged that he was forfeiting his trial-related rights by pleading guilty and assured County Court that no one had pressured him to do so. Defendant's ineffective assistance of counsel claim is similarly unpreserved (see People v Harris, 201 AD3d 1030, 1031 [2022], lvs denied 38 NY3d 950, 952, 954 [2022]; People v Linear, 200 AD3d 1498, 1499 [2021], lvs denied 38 NY3d 951, 952 [2022]; People v Nack, 200 AD3d 1197, 1198 [2021], lv denied ___ NY3d ___ [Apr. 20, 2022]). Accordingly, the judgment of conviction is affirmed.
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.