People v Muller (2023 NY Slip Op 03509)

People v Muller

2023 NY Slip Op 03509

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112279 112280
[*1]The People of the State of New York, Respondent,
v
Joshua L. Muller, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Stephan R. Weiss, Schenectady, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Franklin County (Derek P. Champagne, J.), rendered December 23, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree (two counts), and (2) from a judgment of said court, rendered December 23, 2019, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the third degree.
Defendant waived indictment and agreed to be prosecuted by two superior court informations — one charging him with two counts each of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree and the other charging him with criminal sexual act in the third degree, incest in the third degree, sexual abuse in the third degree and endangering the welfare of a child. County Court declined to approve the initial plea offer and, following further negotiations, defendant ultimately pleaded guilty to two counts of criminal sale of a controlled substance in the fourth degree, as well as criminal sexual act in the third degree, in full satisfaction of both instruments and agreed to waive his right to appeal. The court thereafter sentenced defendant, in accordance with the terms of the plea agreement, to prison terms of four years, followed by two years of postrelease supervision, for each of the drug-related convictions and four years, followed by 10 years of postrelease supervision, on the sex-offense conviction, all sentences to be served consecutively. Defendant appeals.
Defendant's contention that the appeal waivers are unenforceable because he did not waive such rights until after he pleaded guilty is without merit. The record reflects that defendant was advised multiple times at the outset of the plea proceeding that appeal waivers were a condition of the plea agreement. During the plea colloquy, County Court sufficiently explained that the appeal waiver was separate and apart from the trial-related rights forfeited by the guilty plea and advised defendant that some appellate rights nevertheless survived — all of which defendant acknowledged he understood and accepted (see People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]; People v Ferretti, 209 AD3d 1173, 1173-1174 [3d Dept 2022]). In addition, defendant executed detailed written appeal waivers in open court, confirming that he read, understood and had sufficient time to review them with counsel and had no questions relative thereto (see People v Foote, 210 AD3d 1311, 1312 [3d Dept 2022]; People v Provost, 181 AD3d 1059, 1060 [3d Dept 2020]). Although defendant acknowledged his guilt prior to waiving his right to appeal, the court did not accept the plea until after defendant was sufficiently advised of and waived his appellate rights (see People v Larose, 160 AD3d 1215, 1215-1216 [3d Dept 2018], lv denied 31 NY3d 1150 [2018]). Contrary to defendant's contention, the court's involvement in the plea negotiations[*2], including failing to approve the initial plea offer, does not affect the validity of the appeal waivers (see People v Smith, 272 AD2d 679, 682 [3d Dept 2000], lv denied 95 NY2d 938 [2000]). Given the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is foreclosed (see People v Perry, 213 AD3d 1000, 1002 [3d Dept 2023], lv denied 39 NY3d 1143 [2023]; People v Robinson, 213 AD3d 1002, 1003 [3d Dept 2023]).
Finally, the certificate of conviction with respect to the drug-related convictions must be corrected as it incorrectly reflects that defendant was convicted under Penal Law § 220.31 (1), rather than Penal Law § 220.34 (1) (see People v Martinez, 37 AD3d 1099, 1100 [4th Dept 2007], lv denied 8 NY3d 947 [2007]). Accordingly, we direct County Court to issue an amended certificate of conviction.
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment convicting defendant of the crime of criminal sale of a controlled substance in the fourth degree (two counts) is affirmed, and matter remitted for entry of an amended certificate of conviction.
ORDERED that the judgment convicting defendant of the crime of criminal sexual act in the third degree is affirmed.