People v Taylor (2023 NY Slip Op 05762)

People v Taylor

2023 NY Slip Op 05762

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113358
[*1]The People of the State of New York, Respondent,
v
Chad M. Taylor, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Karen A. Heggen, Special Prosecutor, Ballston Spa (John B. Latella III of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Montgomery County (Tatiana N. Coffinger, J.), rendered October 18, 2021, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree, aggravated family offense and assault in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with criminal contempt in the first degree, aggravated family offense and assault in the third degree. Pursuant to a plea agreement, which included that defendant waive his right to appeal, defendant pleaded guilty as charged with the understanding that he would be sentenced to an aggregate prison term of 1½ to 3 years. County Court imposed the agreed-upon sentence and defendant appeals.
We affirm. Defendant's sole contention on appeal is that his plea was not knowing, intelligent and voluntary because County Court did not inquire if he had any defenses to the charges prior to accepting his plea. Although his contention survives his unchallenged appeal waiver, it is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Steinard, 210 AD3d 1202, 1202-1203 [3d Dept 2022]; People v Parkinson, 199 AD3d 1243, 1243 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]) and the narrow exception to the preservation requirement was not triggered (see People v Stuber, 205 AD3d 1147, 1148 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Elawar, 204 AD3d 1247, 1248-1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.