People v Wint (2023 NY Slip Op 06284)

People v Wint

2023 NY Slip Op 06284

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

113182
[*1]The People of the State of New York, Respondent,
v
Wayne A. Wint, Appellant.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Michael T. Baker, Public Defender, Binghamton (Jonathan L. Rothermel of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Lynch, J.P.
Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered September 21, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
In February 2020, defendant was charged by indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and two counts of criminally using drug paraphernalia in the second degree. Following an unsuccessful motion to dismiss the indictment on statutory speedy trial grounds, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree in full satisfaction of the indictment. As part of this negotiated plea agreement, defendant was required to waive his right to appeal. County Court thereafter sentenced defendant to the agreed-upon five-year term of probation. Defendant appeals.
We affirm. Contrary to defendant's contentions, we find that he has validly waived his right to appeal. The record reveals that defendant was informed during the plea colloquy that the appeal waiver was a condition of his plea agreement and that this waiver was separate and distinct from the trial-related rights forfeited by the guilty plea, as to which defendant indicated his understanding and acceptance (see People v Muller, 217 AD3d 1269, 1270 [3d Dept 2023]; People v Crampton, 201 AD3d 1020, 1021 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]). Additionally, after conferring with counsel, defendant executed a detailed written appeal waiver that, although containing some overbroad language, expressly delineated the appellate rights that were not encompassed by the waiver and defendant affirmed that he had read, understood and had no questions relative thereto (see People v Marshall, 206 AD3d 1377, 1378 [3d Dept 2022], lv denied 39 NY3d 941 [2022]; People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]; People v Thompson, 193 AD3d 1186, 1186 [3d Dept 2021]). As the combined oral and written waiver of appeal made clear that some appellate review survived, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Drake, 217 AD3d 1273, 1273 [3d Dept 2023]; People v Defelice, 216 AD3d 1257, 1258 [3d Dept 2023], lv denied 40 NY3d 933 [2023]). This valid appeal waiver precludes defendant's argument that he was denied his statutory right to a speedy trial (see People v Kidd, 210 AD3d 1148, 1149-1150 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]; People v Dennis, 206 AD3d 1369, 1371 [3d Dept 2022]; People v Votaw, 190 AD3d 1162, 1164 [3d Dept 2021], lv denied 36 NY3d 1101 [2021]).
We are mindful that the model colloquy on the waiver of the right to appeal recommends that "if the court decided a CPL 30.30 [(speedy trial)] motion, it may wish to include that among the claims waived" (NY Model Colloquies, Waiver of the Right to Appeal, at 3, https://www.nycourts.gov/judges[*2]/cji/8-Colloquies/Waiver_of_Right_
to_Appeal.pdf [last accessed Oct. 23, 2023] [emphasis added]). That County Court did not do so here does not, as defendant asserts, undermine the validity of the appeal waiver. As stated in his brief, defendant characterized the speedy trial claim as "the most heavily litigated issue in the case." During the plea colloquy, defendant confirmed that he reviewed the waiver with his attorney, who answered any questions he had. The Court of Appeals has consistently emphasized that a trial court is not required to follow "any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Thomas, 34 NY3d 545, 559 [2019]; People v Sanders, 25 NY3d 337, 341 [2015]; People v Bradshaw, 18 NY3d 257, 265 [2011]). While the better practice would have been to specify that the appeal waiver included the speedy trial claim, we are satisfied that defendant was aware of and knowingly waived his right to appeal this claim.
Aarons, Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.