People v Snyder (2025 NY Slip Op 00809)

People v Snyder

2025 NY Slip Op 00809

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

CR-24-0468
[*1]The People of the State of New York, Respondent,
v
James L. Snyder, Appellant.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Franklin County (Craig Carriero, J.), rendered June 26, 2023, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree (two counts).
In satisfaction of a 20-count indictment, defendant pleaded guilty to two counts of course of sexual conduct against a child in the first degree and waived his right to appeal. Consistent with the terms of the plea agreement, defendant was sentenced to two concurrent prison terms of 20 years, to be followed by 15 years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that his waiver of his right to appeal is valid. Defendant was advised that the appeal waiver was a condition of the plea agreement and County Court explained the separate and distinct nature of the waiver and enumerated certain appellate issues that survive the waiver, and defendant affirmed his understanding thereof (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Patterson, 228 AD3d 1138, 1139 [3d Dept 2024]). Defendant also executed a written waiver that similarly advised defendant of his rights, acknowledging that he had read the waiver, discussed it with counsel and had no questions regarding it (see People v Cali, 229 AD3d 940, 941 [3d Dept 2024]; People v Delosh, 227 AD3d 1276, 1276-1277 [3d Dept 2024]). "Although defendant acknowledged his guilt prior to waiving his right to appeal, the court did not accept his plea until after defendant was sufficiently advised of and waived his appellate rights" (People v Muller, 217 AD3d 1269, 1270 [3d Dept 2023] [citation omitted], lv denied 40 NY3d 1093 [2024]). Accordingly, we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Cali, 229 AD3d at 941-942; People v Delosh, 227 AD3d at 1277).
Defendant contends that his plea was involuntary because he was not timely advised of his Boykin rights and County Court did not inquire if he had any defenses to the charges prior to accepting his plea. Although these claims may be raised regardless of the valid appeal waiver, they are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Taylor, 221 AD3d 1191, 1192 [3d Dept 2023]; People v Gayle, 221 AD3d 1061, 1062 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]) and the narrow exception to the preservation requirement was not triggered (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Robert, 214 AD3d 1085, 1086-1087 [3d Dept 2023], lv denied 39 NY3d 1156 [2023]). Finally, defendant's challenge to the factual sufficiency of the plea allocution is precluded by his appeal waiver and is also similarly unpreserved for our review (see People v Nolan, 224 AD3d 996, 997 [3d Dept 2024], lv denied 42 NY3d 929 [2024]; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]).
Egan Jr., J.P., Aarons, Fisher and Mackey, JJ., concur[*2].
ORDERED that the judgment is affirmed.